

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| vs. § | CRIMINAL ACTION NO.: 3:17-811-MGL-8 |
| § | |
| MYRA L. DIXON, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DISMISSING DEFENDANT'S MOTION TO REDUCE SENTENCE**

**I.     INTRODUCTION**

Pending before the Court is Defendant Myra L. Dixon's (Dixon) pro se letter to the Court requesting home confinement or early release due to COVID-19.  To the extent Dixon asks for a new place of confinement, this is outside the Court's authority.  *See* 18 U.S.C. § 3621(b) (stating the Bureau of Prisons [BOP] shall designate the place of a prisoner's imprisonment).  Instead, the Court will construe the letter as a motion to reduce Dixon's sentence.  Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Dixon's motion to reduce her sentence will be dismissed without prejudice.

**II.     FACTUAL AND PROCEDURAL HISTORY**

The grand jury indicted Dixon on one count of knowingly, intentionally, and unlawfully conspiring to distribute and to distribute [five] kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count One); two counts of knowingly and intentionally

using a communication facility, that is, a telephone, to facilitate and conspire to distribute, possess with intent to distribute, and distribute cocaine, cocaine base, and heroin in violation of 21 U.S.C. §§ 841(a)(1), 846, and 843(b) (Counts Fourteen and Fifteen), and a forfeiture count.  Remaining counts were lodged against her codefendants.

On September 25, 2018, Dixon pled guilty to Count One.  The Court, on February 11, 2020, sentenced her to a term of twenty-four months of imprisonment and, upon release, a term of supervised release for two years with standard and special conditions.  Counts Fourteen and Fifteen were dismissed upon motion of the government.  Dixon is currently housed at Residential Reentry Management, Raleigh (RRM Raleigh), and has a projected release date on or about October 16, 2021.

Dixon filed her motion for compassionate release, the government responded, and she replied.  The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III.     STANDARD OF REVIEW

A court may modify a term of imprisonment under only three specific circumstances.  First, a court may modify a sentence as "permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  18 U.S.C. § 3582(c)(1)(B); *see also* Fed. R. Crim. P. 35 (allowing a reduction in sentence upon a motion by the government based on substantial assistance from the defendant or within fourteen days of the sentence when there is a clear error in the sentence). Second, a court may modify a sentence when the imposed "term of imprisonment [is] based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  And, third, a court may reduce a sentence "upon motion of the Director of the [BOP]

. . . [provided the court] finds that . . . extraordinary and compelling reasons warrant such a reduction . . . or . . . the defendant is at least [seventy] years of age, and has served at least [thirty] years in prison." *Id.* § 3582(c)(1)(A).

Under Section 3582(c)(1)(A), a defendant may file his own motion for compassionate release only after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." Additionally, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission[,]" *Id.*, and the court must consider the § 3353(a) factors in deciding whether to grant such a reduction.

## IV.     DISCUSSION AND ANALYSIS

Initially, in her motion, Dixon failed to argue either of these three scenarios are applicable. Rather, she moved for home confinement or early release to help take care of her ill mother and newborn brother. But, in letter dated September 2, 2020, and received by the Court on September 8, 2020, and classified as a reply to the government's response, Dixon now states she should be released to home confinement as a result of COVID-19. Importantly, in her reply, Dixon freely admits she fails to qualify for release under any of the three scenarios discussed in Section III above. *See* Dixon's Reply at 5 ("[R]egarding the compassionate/compelling Act, I didn't ask for reduction on those guidelines because I already looked up the circumstances and they did not apply to me. Even though these are compelling circumstances. I thought only the Judge could determine whether or not things are efficient enough for one to be released."). Accordingly, because Dixon

fails to argue any of the three scenarios outlined in Section III above apply to her, this Court will dismiss her motion without prejudice.

IV.     **CONCLUSION**

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Dixon's motion to reduce her sentence is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 6th day of April 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

4